UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY JAMES FORSYTHE, | Case No.: 2:10-cv-01316-GMN-PAL |
| Petitioner, | **ORDER** |
| vs. | |
| WARDEN NEVIN, *et al.*, | |
| Respondents. | |

Before the Court is Respondents' Motion to Dismiss (ECF No. 11) the Petition for Writ of Habeas Corpus attacking his pre-trial detention, filed by Larry James Forsythe (aka Scott Alan Bluethman),[1] arguing the petition has been rendered moot by Petitioner's guilty plea and sentencing.  Also filed by Respondents is a pending motion to strike various unauthorized supplemental pleadings (ECF No. 34).  Petitioner has not opposed the motion to dismiss, but in the interim filed numerous other motions, identified below, and an untimely motion for extension of time to do so (ECF No. 22).

The numerous motions filed by Petitioner Forsythe are as follows: a motion to dismiss (ECF No. 5), which seeks dismissal of the charges filed against him in the state court for his unauthorized absence from classification (escape), a motion for appointment of counsel (ECF No. 16), a motion for transcripts (ECF No. 17), a motion for removal of respondent's counsel (ECF No. 18), a motion for judicial review (ECF No. 20), a motion for default judgment (ECF No. 21), a motion for double default (ECF No. 25), a motion

---

[1] According to respondents, "Scott Alan Bluethman" is an alias of Larry Forsythe and is the name by which he is incarcerated in the Nevada Department of Corrections, as well as the name by which he is identified in the Nevada State District Court, Clark County, Nevada.

for court order to maintain access to courts (ECF No. 27), a motion to consolidate cases (ECF No. 33), a motion for copies of sealed transcripts (ECF No. 36), and a "Motion to Redirect Court Back to Cause for Action re Constitutional Rights Claims" (ECF No. 40). Respondents oppose the various motions filed by Petitioner (ECF Nos. 24, 28, 31, and 37).

The Respondents' Motion to Dismiss (ECF No. 11) shall be GRANTED and all other pending motions shall be DENIED as MOOT.

**I.     Background**

Petitioner filed his federal petition while incarcerated pre-trial on charges of unauthorized absence from classification (escape). While he identified the petition as being filed pursuant to 28 U.S.C. § 2254, his pre-trial custody status requires it to be construed as arising under §2241.

According to the motion to dismiss and exhibits in support thereof, Petitioner escaped from the lawful custody of the Nevada Department of Corrections on a felony conviction. (Exhibit 1).[2] On or about November 30, 2009, Petitioner was named in a retake warrant issued by the Nevada Department of Corrections (NDOC). (Exhibit 2). Petitioner was arrested on December 9, 2009, and returned to the NDOC's custody. The matter was referred to the Nevada Attorney General for prosecution. (Exhibit 5). Thereafter, a criminal complaint was filed charging Petitioner with one count of escape. (Exhibit 6).

Petitioner was transferred to Justice Court for initial arraignment on May 11, 2010. (*Id.*). During the arraignment, Petitioner filed a number of motions seeking dismissal of the charges. (Exhibit 7, ECF No. 11-7 and 11-8). Following briefing, the Justice Court

---

[2] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the court's record with that motion at ECF No. 11.

denied the motions. (Exhibits 8 and 9, ECF No. 11-9 and 11-10).  On July 9, 2010, Petitioner waived his right to a preliminary hearing following negotiations with the State. He was bound over to the Eighth Judicial District Court of Clark County as a result. (Exhibit 6).

On August 4, 2010, Petitioner filed his federal petition (ECF No. 1) claiming violations of his rights to due process, violations of the double jeopardy prohibition, and an equal protection violation, contending his detention to face criminal charges was improper and duplicated disciplinary sanctions already imposed by prison officials.

Having reconsidered his plea negotiations, Petitioner filed a motion to dismiss the charges on grounds of violation of the speedy arraignment requirements and a double jeopardy violation. (Exhibit 11, ECF No. 11-12).  The motion was opposed. (Exhibit 12, ECF No. 11-13).  The motion was denied and Petitioner thereafter entered a guilty plea on October 7, 2010. (Exhibits 14 and 15, ECF No. 11-15 and 11-16).  Petitioner was thereafter remanded to the NDOC's custody and is currently housed in the High Desert State Prison.

**II.     Discussion**

Respondents argue that Petitioner's guilty plea and sentence moot the §2241 petition. The Court agrees.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A person's challenge to pretrial detention becomes moot once the detention is based upon a criminal conviction. *Barker v. Estelle,* 913 F.2d 1433, 1440 (9th Cir. 1990), *see also James v. Reese,* 546 F.2d 325, 328 (9th Cir. 1976).  Dismissal of a habeas petition as moot is proper where the petition for illegal detention was brought before prisoner was imprisoned under a conviction. *Burnett v. Lampert,* 432 F.3d 996, 999-1001 (9th Cir. 2005).

Because Petitioner pled guilty, was sentenced and is currently in the custody of the NDOC for his Attempt Escape conviction and sentence, his challenge to the pre-trial detention is moot.  To the extent that Petitioner is attempting to challenge his conviction and sentence, he is bound by the requirements of 28 U.S.C. § 2254.  He must fully exhaust his claims before the Nevada Supreme Court.  He has not done so.

**III.      Conclusion**

The motion to dismiss shall be granted, as Petitioner is no longer held as a pre-trial detainee.  He has not exhausted his claims before the Nevada Supreme Court and they remain unexhausted.  No relief is available from this Court under these circumstances.  Because the claims are moot and the petition must be dismissed, all pending motions shall also be denied as moot.

A.      Certificate of Appealability

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a).

In order to proceed with an appeal, petitioner must first receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S.

at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny Petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 11) is **GRANTED.**  The petition is hereby **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.  No certificate of appealability shall issue.  The Clerk shall enter judgment accordingly.

DATED this 11th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge